UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRUSTEES OF THE IBEW LOCAL NO. 229 PENSION FUND; IBEW LOCAL NO. 229 ANNUITY FUND; YORK ELECTRICIANS' JOINT APPRENTICESHIP AND TRAINING COMMITTEE; IBEW LOCAL NO. 229 DEFERRED SAVINGS FUND; IBEW LOCAL NO. 229 LABOR MANAGEMENT COOPERATION COMMITTEE; NATIONAL ELECTRIC BENEFIT FUND; IBEW NATIONAL LABOR MANAGEMENT COOPERATION COMMITTEE; and NECA/IBEW FAMILY MEDICAL CARE TRUST FUND,<br>Plaintiffs<br>v.<br><br>PRO-ELECTRIC, LLC,<br>1431 West Market Street, Suite 2<br>York, PA 17404-5412<br>Defendant | : | CASE NO.<br><br>*Electronically Filed* |

**COMPLAINT**

1. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§1132 and 1145, 29 U.S.C. §185(a), and/or 28 U.S.C. §1331. The claims asserted herein are all made under federal statutes or federal common law, but the supplemental jurisdiction of the Court under 28 U.S.C. §1367(a) also extends to any claims that are found to lie under state law.

2. Venue lies in this District under 29 U.S.C. §1132(e)(2), 29 U.S.C. §185(a) and/or 28 U.S.C. §1391(b).

3. Plaintiff, IBEW Local No. 229 Pension Fund (hereinafter the "Pension Fund") is a trust fund established under 29 U.S.C. §186(c)(5). Its Trustees are the "named fiduciary," "plan administrator" and "plan sponsor," and each is an individual "fiduciary" within the meaning of 29 U.S.C. §§1102(a) and 1002(16) and (21).

4. The Pension Fund is a "multiemployer plan," "employee benefit plan" and "employee benefit pension plan" within the meaning of 29 U.S.C. §1002(37), (2) and (3), which is administered and has its principal place of business in this District at ℅ PATH Administrators, 4785 Linglestown Road, Suite 200, P. O. Box 6480, Harrisburg, PA, 17112-0480.

5. Plaintiff, IBEW Local No. 229 Annuity Fund (hereinafter the "Annuity Fund") is a trust fund established under 29 U.S.C. §186(c)(5). Its Trustees are the "named fiduciary," "plan administrator" and "plan sponsor," and each is an individual "fiduciary" within the meaning of 29 U.S.C. §§1102(a) and 1002(16) and (21).

6. The Annuity Fund is a "multiemployer plan," "employee benefit plan" and "employee benefit pension plan" within the meaning of 29 U.S.C. §1002(37), (2) and (3), which is administered and has its principal place of business in this

District at ℅ PATH Administrators, 4785 Linglestown Road, Suite 200, P. O. Box 6480, Harrisburg, PA, 17112-0480.

7. Plaintiff, York Electricians' Joint Apprenticeship and Training Committee (hereinafter the "Apprenticeship Fund") is a trust fund established under 29 U.S.C. §186(c)(5). Its Trustees are the "named fiduciary," "plan administrator" and "plan sponsor," and each is an individual "fiduciary" within the meaning of 29 U.S.C. §§1102(a) and 1002(16) and (21).

8. The Apprenticeship Fund is a "multiemployer plan," "employee benefit plan" and "employee welfare benefit plan" within the meaning of 29 U.S.C. §1002(37), (2) and (3), which is administered and has its principal place of business in this District at ℅ PATH Administrators, 4785 Linglestown Road, Suite 200, P. O. Box 6480, Harrisburg, PA, 17112-0480.

9. Plaintiff, IBEW Local No. 229 Deferred Savings Fund (hereinafter the "Apprenticeship Fund") is a trust fund established under 29 U.S.C. §186(c)(5). Its Trustees are the "named fiduciary," "plan administrator" and "plan sponsor," and each is an individual "fiduciary" within the meaning of 29 U.S.C. §§1102(a) and 1002(16) and (21).

10. The Deferred Savings Fund is a "multiemployer plan," "employee benefit plan" and "employee welfare benefit plan" within the meaning of 29 U.S.C. §1002(37), (2) and (3), which is administered and has its principal place of busi-

ness in this District at ℅ PATH Administrators, 4785 Linglestown Road, Suite 200, P. O. Box 6480, Harrisburg, PA, 17112-0480.

11. Plaintiff, IBEW Local No. 229 Labor Management Cooperation Committee (hereinafter the "Local Labor Management Fund") is a trust fund established under 29 U.S.C. §186(c)(5). Its Trustees are the "named fiduciary," "plan administrator" and "plan sponsor," and each is an individual "fiduciary" within the meaning of 29 U.S.C. §§1102(a) and 1002(16) and (21).

12. The Local Labor Management Fund is a "multiemployer plan," "employee benefit plan" and "employee welfare benefit plan" within the meaning of 29 U.S.C. §1002(37), (2) and (3), which is administered and has its principal place of business in this District at ℅ PATH Administrators, 4785 Linglestown Road, Suite 200, P. O. Box 6480, Harrisburg, PA, 17112-0480.

13. Plaintiff, National Electrical Benefit Fund (hereinafter the "NEBF") is a trust fund established under 29 U.S.C. §186(c)(5). Its Trustees are the "named fiduciary," "plan administrator" and "plan sponsor," and each is an individual "fiduciary" within the meaning of 29 U.S.C. §§1102(a) and 1002(16) and (21).

14. The NEBF is a "multiemployer plan," "employee benefit plan" and "employee benefit pension plan" within the meaning of 29 U.S.C. §1002(37), (2) and (3).

15. Plaintiff, IBEW National Labor Management Cooperation Committee (hereinafter the "National Labor Management Fund") is a trust fund established under 29 U.S.C. §186(c)(5). Its Trustees are the "named fiduciary," "plan administrator" and "plan sponsor," and each is an individual "fiduciary" within the meaning of 29 U.S.C. §§1102(a) and 1002(16) and (21).

16. The National Labor Management Fund is a "multiemployer plan," "employee benefit plan" and "employee welfare benefit plan" within the meaning of 29 U.S.C. §1002(37), (2) and (3).

17. Plaintiff, NECA/IBEW Family Medical Care Trust Fund (hereinafter the "NECA Medical Fund") is a trust fund established under 29 U.S.C. §186(c)(5). Its Trustees are the "named fiduciary," "plan administrator" and "plan sponsor," and each is an individual "fiduciary" within the meaning of 29 U.S.C. §§1102(a) and 1002(16) and (21).

18. The NECA Medical Fund is a "multiemployer plan," "employee benefit plan" and "employee welfare benefit plan" within the meaning of 29 U.S.C. §1002(37), (2) and (3).

19. The Annuity Fund, Pension Fund, Apprenticeship Fund, Deferred Savings Fund, Local Labor Management Fund, NEBF, National Labor Management Fund and NECA Medical Fund are hereinafter jointly or severally referred to as "the Funds" or "ERISA Funds."

20. Defendant, Pro-Electric, LLC (hereinafter "the Company"), is an employer in an industry affecting commerce within the meaning of 29 U.S.C. §152(2), (6) and (7) and 1002(5), (11) and (12), with a business office at the address listed in the caption. The Company does business with the Funds that is sufficient to create personal jurisdiction over the Company in this District and a substantial part of the events or omissions giving rise to the claims herein occurred from transactions with the Funds' office in this District.

21. At all times relevant to this action, the Company was party to or agreed to abide by the terms and conditions of a collective bargaining agreement (hereinafter the "Agreement") between Local Union No. 229, International Brotherhood of Electrical Workers and the York Division, Penn-Del-Jersey Chapter, National Electrical Contractors' Association.

22. The Company is subject to and has agreed to abide by the terms of the Amended and Restated Agreements and Declarations of Trust of the Funds (singly or jointly referred to herein as the "Trust Agreements"), made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations, and the plan documents for the ERISA Funds.

23. Under the Agreement, Trust Agreements, plan documents of the ERISA Funds and/or other documents, the Company agreed:

a. To make full and timely payment on a monthly basis, on or before the 15th day of each month, to the Funds as required by the Trust Agreements and plan documents;

b. To file monthly remittance reports with the Funds detailing all employees or work for which contributions were required under the Agreement;

c. To pay liquidated damages in the amount of Five (5%) Percent of the delinquent amount per month, up to a maximum of Twenty (20%) Percent; interest at the rate of One and One-half (1.5%) Percent of the delinquent amount per month; and all costs of litigation, including attorneys' fees, expended by the Funds to collect any amounts due as a consequence of the Company's failure to comply with its contractual and statutory obligations described in Subparagraphs (a) and (b), above.

**COUNT I – CONTRIBUTIONS UNDER ERISA**

Trustees of the IBEW Local No. 229 Pension Fund, IBEW Local No. 229 Annuity Fund; York Electricians' Joint Apprenticeship and Training Committee; IBEW Local No. 229 Deferred Savings Fund; IBEW Local No. 229 Labor Management Cooperation Committee; and the National Electrical Benefit Fund; and NECA/IBEW Family Medical Care Trust Fund v. Pro-Electric, LLC

24. The allegations of Paragraphs 1 through 23 above are incorporated by reference as if fully restated.

25. Based on information currently available to the ERISA Funds, the Company has failed to timely pay amounts due under the Agreement, Trust Agreements and plan documents for the month of February, 2018 in at least the sum of $12,826.38, in violation of 29 U.S.C. §1145.

26. Pursuant to the provisions of the Agreement, Trust Agreements and plan documents, liquidated damages and interest in the amount of $1,180.80 are due from the Company on account of the delinquent contributions for the month of February, 2018.

27. Based on information currently available to the ERISA Funds, the Company has failed to timely pay amounts due under the Agreement, Trust Agreements and plan documents for the month of March, 2018 in at least the sum of $12,043.79, in violation of 29 U.S.C. §1145.

28. Pursuant to the provisions of the Agreement, Trust Agreements and plan documents, liquidated damages and interest in the amount of $837.21 are due from the Company on account of the delinquent contributions for the month of March, 2018.

29. Based on information currently available to the ERISA Funds, the Company has failed to timely pay amounts due under the Agreement, Trust Agreements and plan documents for the month of April, 2018 in at least the sum of $12,818.06, in violation of 29 U.S.C. §1145.

30. Pursuant to the provisions of the Agreement, Trust Agreements and plan documents, liquidated damages and interest in the amount of $587.92 are due from the Company on account of the delinquent contributions for the month of April, 2018.

31. The ERISA Funds are adversely affected and damaged by the Company's violation of 29 U.S.C. §1145.

WHEREFORE, Plaintiffs demand judgment against the Company as follows:

a. For contributions due to the Funds for the month of February, 2018, in at least the sum of $12,826.38, plus any additional contributions due since the filing of this action;

b. For liquidated damages and interest due in the amount of $1,180.80 on account of the untimely payment of contributions for the month of February, 2108, plus any additional liquidated damages and interest due since the filing of this suit;

c. For contributions due to the Funds for the month of March, 2018, in at least the sum of $12,043.79, plus any additional contributions due since the filing of this action;

d. For liquidated damages and interest due in the amount of $837.21 on account of the untimely payment of contributions for the month

of March, 2108, plus any additional liquidated damages and interest due since the filing of this suit;

e. For contributions due to the Funds for the month of April, 2018, in at least the sum of $12,818.06, plus any additional contributions due since the filing of this action;

f. For liquidated damages and interest due in the amount of $587.92 on account of the untimely payment of contributions for the month of April, 2108, plus any additional liquidated damages and interest due since the filing of this suit;

g. For costs incurred in this action or the collection or enforcement of any judgment as provided under the Trust Agreements, plan documents of the ERISA funds and 29 U.S.C. §1132(g)(2), including filing fees in the amount of $400.00, and service fees in the amount of $137.50; and

h. For reasonable attorneys' fees incurred in this action; and

i. For such other legal or equitable relief as the Court deems appropriate.

## COUNT II – CONTRIBUTIONS UNDER COLLECTIVE BARGAINING AGREEMENTS

Trustees of the IBEW Local No. 229 Pension Fund, IBEW Local No. 229 Annuity Fund; York Electricians' Joint Apprenticeship and Training Committee; IBEW Local No. 229 Deferred Savings Fund; IBEW Local No. 229 Labor Management Cooperation Committee; and the National Electrical Benefit Fund; and NECA/IBEW Family Medical Care Trust Fund v. Pro-Electric, LLC

32. The allegations of Paragraphs 1 through 31 above are incorporated by reference as if fully restated.

33. The Company has not paid the Funds as required by the Agreement and other documents incorporated by the Agreement, such as the Trust Agreements or plan documents of the ERISA Funds.

34. Based on information currently available to the ERISA Funds, the Company has failed to timely pay amounts due under the Agreement, Trust Agreements and plan documents for the month of February, 2018, in at least the sum of $12,826.38.

35. Pursuant to the provisions of the Agreement, Trust Agreements and plan documents, liquidated damages and interest in the amount of $1,180.80 are due from the Company on account of the delinquent contributions for the month of February, 2018.

36. Based on information currently available to the ERISA Funds, the Company has failed to timely pay amounts due under the Agreement, Trust

Agreements and plan documents for the month of March, 2018, in at least the sum of $12,043.79.

37. Pursuant to the provisions of the Agreement, Trust Agreements and plan documents, liquidated damages and interest in the amount of $837.21 are due from the Company on account of the delinquent contributions for the month of March, 2018.

38. Based on information currently available to the ERISA Funds, the Company has failed to timely pay amounts due under the Agreement, Trust Agreements and plan documents for the month of April, 2018, in at least the sum of $12,818.06.

39. Pursuant to the provisions of the Agreement, Trust Agreements and plan documents, liquidated damages and interest in the amount of $587.92 are due from the Company on account of the delinquent contributions for the month of April, 2018.

40. Plaintiffs have been damaged by the Company as a proximate result of the Company's breach of the Agreement and/or its incorporated documents.

WHEREFORE, Plaintiffs demand judgment against the Company as follows:

a. For contributions due to Plaintiffs, for the benefit of the Funds, for the month of February, 2018, in at least the sum of $12,826.38, plus any additional contributions due since the filing of this action;

b. For liquidated damages and interest due in the amount of $1,180.80 on account of the untimely payment of contributions for the month of February, 2018, plus any additional liquidated damages and interest due since the filing of this suit;

c. For contributions due to Plaintiffs, for the benefit of the Funds, for the month of March, 2018, in at least the sum of $12,043.79, plus any additional contributions due since the filing of this action;

d. For liquidated damages and interest due in the amount of $837.21 on account of the untimely payment of contributions for the month of March, 2018, plus any additional liquidated damages and interest due since the filing of this suit;

e. For contributions due to Plaintiffs, for the benefit of the Funds, for the month of April, 2018, in at least the sum of $12,818.06, plus any additional contributions due since the filing of this action;

f. For liquidated damages and interest due in the amount of $587.92 on account of the untimely payment of contributions for the month

of April, 2018, plus any additional liquidated damages and interest due since the filing of this suit;

g. For costs incurred in this action or the collection or enforcement of any judgment as provided under the Agreement and Trust Agreements, including filing fees in the amount of $400.00, and service fees in the amount of $137.50;

h. For reasonable attorneys' fees incurred in this action; and

i. For such other legal or equitable relief as the Court deems appropriate.

**COUNT III – EQUITABLE RELIEF UNDER SECTION 502(g)(2)(E) OF ERISA**

Trustees of the IBEW Local No. 229 Pension Fund, IBEW Local No. 229 Annuity Fund; York Electricians' Joint Apprenticeship and Training Committee; IBEW Local No. 229 Deferred Savings Fund; IBEW Local No. 229 Labor Management Cooperation Committee; and the National Electrical Benefit Fund; and NECA/IBEW Family Medical Care Trust Fund v. Pro-Electric, LLC

41. The allegations of Paragraphs 1 through 40 above are incorporated by reference as if fully restated.

42. The Company's failure to pay contractually mandated benefit contributions has resulted in the immediate and irreparable harm to the Funds and their participants, in that they have foregone investment income, risked established reserves, and otherwise suffered financial distress.

43. As a result of the Company's failure to pay contractually mandated benefit contributions to the NECA Medical Fund, the NECA Medical Fund may be required to withhold eligibility or benefits from affected Fund participants and their beneficiaries who may lose their medical, health and other benefits.

44. As a result of the Company's failure to pay contractually mandated benefit contributions, the NEBF, pursuant to the provisions of the its Amended and Restated Plan of Benefits and the Internal Revenue Code, is required to and does provide credit to employees of participating employers regardless of whether the employer ever pays the contractually mandated benefit contributions.

45. The issuance of injunctive relief will merely compel the Company to pay contractually mandated benefit contributions that it is obligated to do under the Agreement, and is consistent with public policy in maintaining financially sound employee benefit plans and, as such, the Funds will likely prevail on the merits.

WHEREFORE, Plaintiffs respectfully request, pursuant to Section 502(g)(2)(E) of ERISA, the following relief:

a. Temporary and injunctive relief compelling the Company to pay all contractually mandated benefit contributions to the Funds for all periods outstanding;

b. Temporary and permanent injunctive relief enjoining the Company from failing to pay all future contractually mandated benefit contributions.

Respectfully submitted,
CHARLES W. JOHNSTON, P.C.
101 Erford Road, Suite 302
Post Office Box 98
Camp Hill, Pennsylvania 17001-0098
Telephone: (717) 975-5500
Facsimile: (717) 975-5511

/s/ CHARLES W. JOHNSTON
Pa. I.D. No. 15621
e-mail: cjohnston@jadlegal.com

*Attorneys for Plaintiffs*

Dated: May 21, 2018